# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TYRAL KING, *et al.*,<br><br>Defendants. | Case No. 2:14–cr–264–APG–VCF<br><br>**ORDER AND<br>REPORT & RECOMMENDATION**<br><br>MOTION TO COMPEL (#57)<br>MOTION FOR JOINDER (#59)<br>MOTION TO SEVER (#60) |

This matter involves the United States' prosecution of Tyral King and Sha-ron Haines for sex trafficking. *See* (Super. Indict. #44[1]). Before the court is King's Motion to Compel (#57), Haines' Joinder to the Motion to Compel (#59), and Haines' Motion to Sever (#60). For the reasons stated below, King's Motion to Compel is set for a hearing on Thursday July 9, 2015 at 10:00 a.m., Haines' Motion for Joinder is granted, and Haines' Motion to Sever should be denied.

## I. BACKGROUND

Sometime in April or May of 2014, J.C. allegedly met Tyral King and Sha-ron Haines through A.S., a mutual friend, in Las Vegas, Nevada. A.S. told J.C. that A.S. is a prostitute and King acts as her pimp. A.S. also asked whether J.C. wanted to travel with A.S. and King to California to engage in prostitution. J.C., who is a minor, agreed.

King allegedly drove A.S., K.S., and Haines to Pomona and Los Angeles, California. The four spent the first night in California at King's grandmother's house. The next day, King allegedly rented hotel rooms and placed advertisements and pictures of A.S. and/or J.C. on backpage.com.

---

[1] Parenthetical citations refer to the court's docket.

1

King and Haines then drove A.S. and J.C. around Los Angeles to solicit sex for money. J.C. allegedly engaged in various sex acts with three clients and gave the proceeds to King, who allegedly exchanged texts messages with Haines regarding King and Haines' intentions to sell J.C. for sex.

A.S. was arrested the next day. King and Haines allegedly asked J.C. to engage in additional sex acts to raise money for A.S.'s bail. J.C. allegedly complied and raised money but A.S. was not bailed out of jail. Instead, J.C., King, and Haines drove back to Las Vegas, Nevada. Haines demanded that J.C. give her the money from her most recent customers. When J.C. refused, Haines allegedly searched J.C. and discovered the money.

On August 6, 2014, King and Haines were indicted. Now, King and Haines move for an order compelling the government to produce J.C.'s contact information in order to conduct an interview and Haines moves to sever her trail from Kings. Because the court will hear oral argument on King's Motion to Compel on Thursday July 9, 2015 at 10:00 a.m., the court only addresses Haines' Motion to Sever here.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 8(a) permits for joinder of multiple offenses against a single defendant if the offenses are (1) of the same or similar character, (2) based on the same act or transaction, or (3) connected with or constituting parts of a common scheme or plan. FED. R. CRIM. P. 8(a). Rule 8 has been broadly construed in favor of joinder because joint trials conserve government funds, minimize inconvenience to witnesses and public authorities, and avoid delays in bringing a defendant to trial. *See United States v. Lane*, 474 U.S. 438, 449 (1986); *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir.2006) (citing *United States v. Friedman*, 445 F.2d 1076, 1082 (9th Cir.1971)). Misjoinder of charges under Rule 8(a) is a question of law reviewed *de novo*. *Id*. (citing *United States v. Terry*, 911 F.2d 272, 276 (9th Cir.1990)). Importantly, "[a]t least one of Rule 8(a)'s three conditions must be satisfied for proper joinder.

*Jawara*, 474 F.3d at 573 (citing *United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir.1996); *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir.2005).

In turn, Federal Rule of Criminal Procedure 14 governs the severance of charges. *Yasquez–Yelasco*, 15 F.3d at 845. Even where joinder is proper under Rule 8(a), the court may order separate trials of counts or provide other relief that justice requires if joinder "appears to prejudice a defendant or the government." FED. R. CRIM. P. 14(a). The court's power to order severance "rests within the broad discretion of the District Court as an aspect of its inherent right and duty to manage its own calendar." *United States v. Gay*, 567 F.2d 916, 919 (9th Cir.1978). Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion. *Zafiro v. United States*, 506 U.S. 534, 538–39 (1993). The court's denial of a motion to sever is reviewed for abuse of discretion. *See Fernandez*, 388 F.3d at 1241.

The Ninth Circuit has held that Rule 14 sets a high standard for showing prejudice, and the party seeking severance bears the burden of showing clear, manifest, or undue prejudice of such a magnitude that, without severance, the party will be denied a fair trial. *See United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir.1996); *Vasquez–Velasco*, 15 F.3d at 845. Prejudice arises where: (a) the jury could confuse and cumulate the evidence of one charge to another; (b) the defendant could be prejudicially confounded in presenting his defenses (*i.e.*, where a defendant wishes to testify in his own defense on one count but not another); and (c) the jury could erroneously conclude the defendant is guilty on one charge and therefore convict him on another based on his criminal disposition. *United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir.1987) (citing *Drew v. United States*, 331 F.2d 85, 88 (D.C.Cir.1964). Additionally, if there is a risk of prejudice, the Ninth Circuit has found it can be minimized with appropriate jury instructions, and "juries are presumed to follow their instructions." *See, e.g.*, *Zafiro*, 506 U.S. at 540 (citing

3

*Richardson v. Marsh*, 480 U.S. 200, 209 (1987)); *see also Vasquez–Velasco*, 15 F.3d at 847 (collecting cases regarding jury instructions concerning compartmentalizing evidence and spillover prejudice).

### III. DISCUSSION

Haines argues that her trial should be severed from Kings' trial for two reasons: (1) the jury will be unable to compartmentalize the evidence against King from the evidence against Haines and (2) King and Haines will be pursing mutually exclusive defenses. The court is unpersuaded because Haines' arguments are speculative and conclusory.

She states that the jury will be unable to compartmentalize the evidence against King from the evidence against Haines because "[m]uch of the evidence in this case is pointed towards King," "[t]here is a great deal of evidence against King and very little evidence to support the government's theory against Haines." (Doc. #60 at 3:11–12, 22–23). The government rebuts this argument by showing that much of the evidence implicates both Haines and King. For instance, both Haines and King drove A.S. and J.C. to California, both discussed their intentions to sell J.C. for sex via text message, and Haines searched J.C. to obtain the proceeds of J.C.'s prostitution.

The court is also unpersuaded by Haines' second argument. She asserts that that severance is appropriate because her defense is mutually exclusive of King's defense because Haines "will be pointing the finger at King." (Doc. #60 at 5:20–21). Haines does not specify how she "will pointing the finger at King." Notably, King did not filed a joinder to Haines' motion or argue that Haines' defense may prejudice his right to a fair trial.

Severance under Rule 14 requires "a serious risk" of prejudice. *Zafiro*, 506 U.S. at 539. A potential risk does not warrant severance. *See id*. If, as here, a potential risk of prejudice appears, the proper remedy is to provide the jury with limiting instructions. *United States v. Buckley*, 525 F.3d 629, 633–34 (8th Cir.

2008); *United States v. Trainor*, 477 F.3d 24, 34–5 (1st Cir. 2007); *United States v. Nguyen*, 88 F.3d 812, 817 (9th Cir. 1996). Based on the record before the court, Haines' Motion to Sever should be denied.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that a hearing is set on King's Motion to Compel (#57) for Thursday July 9, 2015 at 10:00 a.m. in courtroom 3D.

IT IS FURTHER ORDERED that Haines' Motion for Joinder to the Motion to Compel (#59) is GRANTED.

IT IS RECOMMENDED that Haines' Motion to Sever (#60) be DENIED.

DATED this 17th day of June, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE