DANIEL G. BOGDEN
United States Attorney
District of Nevada
LISA C. CARTIER GIROUX
SUSAN CUSHMAN
Assistant United States Attorneys
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6418

FILED
AUG 1 4 2015
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TYRAL EDWARD KING,<br><br>Defendant. | Case No. 2:14-cr-264-APG-VCF<br><br>**PLEA AGREEMENT UNDER**<br>**FED. R. CRIM. P. 11 (c)(1)(A) and (B)** |

Plaintiff United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and LISA C. CARTIER GIROUX and SUSAN CUSHMAN, Assistant United States Attorneys, the defendant, TYRAL EDWARD KING, and the defendant's attorney, Assistant Federal Public Defender WILLIAM C. CARRICO, submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A and B).

**I.    SCOPE OF AGREEMENT**

The parties to this Plea Agreement are the United States of America and TYRAL EDWARD KING. This Plea Agreement binds the defendant and the United States Attorney's Office for the District of Nevada. It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution and forfeiture. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

## II.   DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A.   <u>Guilty Plea</u>. The defendant knowingly and willingly will plead guilty to a superseding criminal information charging the defendant with one count of:

<u>Count 1</u>: Transportation of an Individual for the Purpose of Prostitution in violation of 18 U.S.C. § 2421.

B.   <u>Waiver of Trial Rights</u>. The defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the defendant is giving up:

1.   The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

2.   The right to confront the witnesses against the defendant at such a trial, and to cross-examine them;

3.   The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

4.   The right to testify in his own defense at such a trial if he so chooses;

5.   The right to compel witnesses to appear at such a trial and testify in the defendant's behalf; and

6.   The right to have the assistance of an attorney at all stages of such proceedings.

7. The right to indictment by a grand jury.

C. <u>Withdrawal of Guilty Plea</u>. The defendant will not seek to withdraw his guilty plea after he has entered it in court.

D. <u>Additional Charges</u>. The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada which culminated in this Plea Agreement and based on conduct known to the United States except that the United States reserves the right to prosecute the defendant for any crime of violence as defined by 18 U.S.C. § 16. The United States will move to dismiss the superseding indictment in this case at the time of sentencing.

## III. ELEMENTS OF THE OFFENSES

<u>Count 1</u>: The elements of Transportation of an Individual for the Purpose of Prostitution under 18 U.S.C. § 2421 are:

1. Defendant knowingly transported an individual in interstate commerce;

2. Defendant transported a person with the intent that such person engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense.

*See* Ninth Circuit Manual of Model Jury Instructions, Criminal, §8.191 (2010).

## IV. FACTS SUPPORTING GUILTY PLEA

A. The defendant will plead guilty because he is, in fact and under the law, guilty of the crimes charged.

B. The defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt. The defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offenses.

3

C. The defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offenses.

D. The defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

1. Beginning from on or about April 2014 and continuing up to and including May 24, 2014, KING and co-defendant, Sha-Ron Haines, transported J.C., a 15 year old, in interstate commerce from Las Vegas, Nevada to Los Angeles, California. At the time of the transportation, KING intended that J.C. would engage in commercial sex acts, i.e., engage in sexual activities in exchange for money, upon arriving in California.

2. In Pomona, California, KING and co-defendant Haines, drove J.C. to meet prostitution clients and waited to pick her up after the transactions were completed. J.C. had sexual intercourse and masturbated prostitution clients in exchange for money. In Los Angeles, California, ads were posted on Backpage.com for the purpose of having J.C. meet up with prostitution clients. Backpage.com is a website used by pimps and prostitutes to promote their illegal prostitution business. KING's credit card was used in to purchase the ads. Prostitution clients contacted J.C. as a result of the ad. KING and co-defendant Haines drove J.C. to meet prostitution clients and waited to pick her up after the transactions were completed. While in Los Angeles, California, J.C. met up with three prostitution clients using the Backpage.com ad and engaged in sexual contact with those individuals in exchange for money. Money earned from the prostitution acts in California was turned over to co-defendant Haines. The parties agree and stipulate that the acts committed by the defendant with regard to J.C. requires him to register under the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 et. seq.

...

V.   **COLLATERAL USE OF FACTUAL ADMISSIONS**

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the defendant does not plead guilty or withdraws his guilty pleas, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the defendant's behalf. The defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

VI.   **APPLICATION OF SENTENCING GUIDELINES PROVISIONS**

A.   Discretionary Nature of Sentencing Guidelines.   The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

B.   Offense Level Calculations.   The parties stipulate and agree to the following calculation of the defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions:

| | | |
|---|---|---|
| 1. | Count One: 18 U.S.C. § 2421 - Transportation of an Individual for the Purpose of Prostitution, USSG § 2G1.3(a)(4) | 24 |
| | **Total Base Level Offense** | **24** |
| | Reductions: | |
| | Contingent Reductions for Acceptance of Responsibility USSG § 3E1.1(a): | -2 |

5

**Adjusted Offense Level:** 22

The parties agree and stipulate that no specific offense characteristics will apply in this case.

The defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions. The parties will jointly recommend that the Court sentence the defendant to 51 months. The defendant will not seek a downward adjustment pursuant to 18 U.S.C. § 3553 or U.S.S.G. §4A1.3(b)(1) from any sentence that the Court may impose. The defendant will not seek a sentence below 51 months[1]. The defendant had previously qualified for a minimum mandatory sentence of 120 months imprisonment under the superseding indictment in this case. By pleading guilty to the superseding criminal information KING agrees that a 51 month sentence contemplated by the parties in this plea agreement is sufficient, but not greater than necessary to achieve the goals of sentencing.

C.   <u>Reduction of Offense Level for Acceptance of Responsibility.</u>   Under U.S.S.G. §3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements

---

[1] The parties anticipate that the defendant will fall into a Criminal History Category I. Therefore, based on an adjusted offense level of 22 and a Criminal History Category I, the parties anticipate the applicable guideline range in this case will be 41-51 months.

regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

These Sentencing Guidelines provisions, if applied, will result in a total offense level of 22.

D. <u>Criminal History Category</u>. The defendant acknowledges that the Court may base his sentence in part on the defendant's criminal record or criminal history. The Court will determine the defendant's Criminal History Category under the Sentencing Guidelines.

E. <u>Relevant Conduct</u>. The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

F. <u>Additional Sentencing Information</u>. The stipulated Sentencing Guidelines calculations are based on information now known to the parties. The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the defendant to withdraw his guilty plea.

The defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation. The defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for the defendant to withdraw his guilty plea.

...

VII. **APPLICATION OF SENTENCING STATUTES**

    A. <u>Maximum Penalty</u>. The maximum penalty for Transportation of an Individual for the Purpose of Prostitution pursuant to 18 U.S.C. § 2421 is a prison sentence of not more than 10 years, a fine of $250,000, or both. *See* 18 U.S.C. § 2421; 18 U.S.C. § 3571(b)(3).

    B. <u>Factors Under 18 U.S.C. § 3553</u>. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence.

    D. <u>Parole Abolished</u>. The defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

    E. <u>Supervised Release</u>. In addition to imprisonment and a fine, the defendant will be subject to a term of supervised release for any term of years not less than 5, or up to life. 18 U.S.C. § 3583(k). Supervised release is a period of time after release from prison during which the defendant will be subject to various restrictions and requirements. If the defendant violates any condition of supervised release, the Court may order the defendant's return to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum prison sentence of ten (10) years.

    F. <u>Additional Mandatory Sentencing Provisions.</u> Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, defendant must register and keep the registration current in each of the following jurisdictions: where defendant resides; where defendant is an employee; and where defendant is a student. Defendant understands that the requirements for registration include providing defendant's name, defendant's residence address, and the names and addresses of any places where defendant is or will be an employee or a student, among other information. Defendant further

understands that the requirement to keep the registration current includes informing at least one jurisdiction in which defendant resides, is an employee, or is a student not later than three business days after any change of defendant's name, residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

      G.    <u>Special Assessment</u>. The defendant will pay a $100.00 special assessment per count at the time of sentencing.

## VIII. POSITIONS REGARDING SENTENCE

The parties will jointly recommend that the Court sentence the defendant to a sentence of 51 months. The defendant acknowledges that the Court does not have to follow that recommendation. The defendant also acknowledges that the Court does not have to grant a downward departure based on the defendant's assistance to the United States, even if the United States chooses to file a motion pursuant to 18 U.S.C. § 3553(e)(1), USSG § 5K1.1, or Fed. R. Crim. P. 35. This Plea Agreement does not require the United States to file any pre- or post-sentence upward or downward departure motion under USSG § 5K1.1 or Fed. R. Crim. P. 35. Notwithstanding its agreement to recommend a guideline sentence, the United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

The defendant will not request a sentence below 51 months, and will not seek a downward adjustment pursuant to 18 U.S.C. § 3553 or USSG § 4A1.3(b)(1) from any sentence the Court may impose.

## IX. RESTITUTION

Defendant is aware that 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1 may require Defendant to pay restitution. Therefore, the defendant agrees to make full restitution in an amount to be

determined by the Court for all of the losses the defendant caused by his schemes or offenses, whether charged or uncharged, pled to or not, and by all of his relevant conduct. 18 U.S.C. § 3663(a)(3). The defendant cannot discharge his restitution obligation through bankruptcy proceedings. The defendant acknowledges that restitution payments and obligations cannot offset or reduce the amount of any forfeiture judgment imposed in this case.

The Government agrees to concur with the recommendation of the U.S. Probation Department as to any fine or restitution being ordered as part of the sentence.

## X. FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets and his ability to pay. The defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and will release funds and property under his control in order to pay any fine, forfeiture, or restitution ordered by the Court.

## XI. SEX OFFENDER REGISTRATION REQUIREMENTS (SORNA)

The defendant understands and agrees that under the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 et. seq., he must register as a sex offender and keep the registration current in each of the following jurisdictions: (1) where the defendant resides; (2) where the defendant is an employee; and (3) where the defendant is a student. The defendant understands that he must comply with all the registration requirements contained in SORNA. 42 U.S.C. § 16901 et. seq. The defendant further understands that the requirements for registration include, but are not limited to, providing defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or a student.

The defendant further understands that the requirement to keep the registration current includes, but is not limited to, informing at least one jurisdiction in which the defendant resides, is an employee, or is a student no later than three business days after any change of defendant's name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects the defendant to an additional prosecution for failure to register as a sex offender under 18 U.S.C. § 2250(a).

## XII. THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

A. <u>Plea Agreement and Decision to Plead Guilty</u>. The defendant acknowledges that:

(1) He has read this Plea Agreement and understands its terms and conditions;

(2) He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

(3) He has discussed the terms of this Plea Agreement with his attorney;

(4) The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

(5) He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it.

The defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to trial. The defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

B.      <u>Waiver of Appeal and Post-Conviction Proceedings</u>.  The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The defendant reserves only the right to appeal any portion of the sentence that is an upward departure from the Sentencing Guidelines range determined by the Court.

The defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

C.      <u>Removal/Deportation Consequences</u>.  The defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement.  The defendant has also been advised if his conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future.  The defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The defendant acknowledges that he has specifically discussed these removal/deportation consequences with his attorney.

## XII. ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the defendant, the defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

DANIEL G. BOGDEN,
United States Attorney

DATE 8-14-15

Lisa C. Cartier Giroux
Susan Cushman
Assistant United States Attorney

DATE August 14, 2015

William C. Carrico
Counsel for the Defendant

DATE August 14, 2015

Tyral Edward King
Defendant